UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81158-CIV-MARRA

RAYMOND BAEZ,

Plaintiff,

vs.

JONATHAN S. ROOT, Esq. et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Palm Beach County Sheriff's Office, Mercier and Cinque's Motion to Dismiss (DE 6); Defendant Jonathan S. Root, Esq.'s Motion to Dismiss (DE 8); Amended Motion to Dismiss by Defendant The Honorable Martin H. Colin (DE 10); Defendant Henriette Koelemij's Joining in Co-Defendant's Motion to Dismiss (DE 15) and Defendant The Honorable Martin H. Colin's Motion to Supplement (DE 22).

I.  Background

On November 8, 2013, Plaintiff Raymond Baez, who is proceeding pro se, filed a four-count Complaint against the mother of his child, Henriette Koelemij ("Koelemij"), Koelemij's former attorney, Jonathan S. Root ("Root"), Judge Martin H. Colin (" Judge Colin"), the Palm Beach County Sheriff's Office ("PBCSO") and several detectives and officers with the PBCSO ("officers") (collectively, "Defendants").  (Compl. ¶ 1.)  The causes of action are as follows: "civil conspiracy against Judge Colin, Root and Koelemij" (count one); "deprivation of civil rights under 42 U.S.C. § 1983 against Defendants the County of Palm Beach, the Palm Beach County Sheriff's Office and the Detectives and Police Officers John Does 1-3" (count two);

"violation of Plaintiff's Fourth Amendment Rights under 42 U.S.C. § 1983 arising from Defendants' use of excessive force and plaintiff's injuries while in custody" (count three) and "municipal liability under Monell under 42 U.S.C. 1983 arising from unconstitutional municipal policies and customs" (count four).

These claims stem from a paternity and child support proceeding filed in Palm Beach County Circuit Court in 2006.  According to the allegations of the Complaint, during a two-day evidentiary hearing in the paternity and child support proceeding, Root, Koelemij and Judge Colin conspired to admit into evidence a forged 2005 income tax return and doctored property deeds belonging to Plaintiff.  Based on these false documents, Judge Colin entered an interim judgment for child support and attorney's fees against Plaintiff.  After Plaintiff failed to satisfy the judgment, Root sought a writ of bodily attachment and Plaintiff was arrested on November 5, 2007.  When arrested, the officers assaulted him, entered his home without a warrant and detained him for several days, despite his being in need of medical attention. Plaintiff was compelled to satisfy the judgment in part by using a credit card and line of credit intended for his business. The Complaint also alleges that the PBCSO has a policy of permitting unconstitutional practices and permitting police misconduct. (Compl. ¶¶ 19, 31, 32, 34, 44, 76-79, 90, 92, 96, 98.)

Several Defendants move to dismiss the Complaint.  Root moves to dismiss on the following grounds: (1) the Complaint is a shotgun pleading; (2) the civil conspiracy charge is barred by the statute of limitations; (3) the Complaint fails to state a section 1983 claim against him and (4) the section 1983 claim is barred by the statute of limitations.[1]  Judge Colin raises the

---

[1] Koelemij joins in Root's motion to dismiss. (DE 15.)

following arguments to support dismissal: (1) the doctrines of judicial immunity, Eleventh Amendment immunity and qualified immunity operate to bar the claims; (2) the civil conspiracy charge is barred by the statue of limitations and (3) the claims are inadequately pled.  PBCSO makes the following arguments in arguing for dismissal: (1) the claims are not properly pled and (2) the claims are barred by the statute of limitations.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

### III. Discussion

#### A.  Statute of Limitations

#### A.  Civil Conspiracy

A claim for civil conspiracy must satisfy four elements: (1) an agreement between two or more parties must exist (2) the agreement must be to do an unlawful act via unlawful means (3) the commission of an actual act in furtherance of the conspiracy, and (4) resulting damage to the plaintiff.  Olesen v. General Elec. Capital Corp., — So. 3d —, No. 5D12–297, at * 8 (Fla. Dist. Ct. App. Feb. 7, 2014);  Michaud v. Seidler, No. 08-80288, 2008 WL 4927015, at * 4 (S.D. Fla. Nov. 17, 2008) (citing Walters v. Blankenship, 931 So.2d 137, 140 (Fla. Dist. Ct. App. 2006)). The statute of limitations for civil conspiracy is four years. Canon Latin America, Inc. v. Lantech (C.R.) S.A., No. 08–21518–CIV, 2011 WL 240684, at * 15 (S.D. Fla. Jan. 24, 2011); Anthony v. Perez-Abreu & Martin-Lavielle, P.A., 51 So. 3d 525, 527 (Fla. Dist. Ct.  App. 2010). Under Florida law, the statute of limitations begins to run at "the time the cause of action accrues" which is "when the last element constituting the cause of action occurs." Florida Statute 95.031(1).  "For a claim of civil conspiracy, the last element constituting the cause of action will necessarily be injury to the plaintiff." Canon, 2011 WL 240684, at 14 (internal quotation marks omitted).

According to the Complaint, the injury sustained by Plaintiff as a result of the civil conspiracy among Root, Koelemij and Judge Colin was being taken into custody on November 5, 2007 and being compelled to satisfy the judgment entered by Judge Colin by using a credit card and a line of credit intended for Plaintiff's business.  Based on these facts, the cause of action for

civil conspiracy accrued and the statute of limitations began to run on November 5, 2007 and therefore expired on November 5, 2011.  The instant Complaint, however, was filed on November 8, 2013.

Plaintiff does not dispute the applicable limitation period or that the period expired.  Instead, he argues that the statute of limitations should be equitably tolled because he was forced to flee the country due to harassment by Root and PBCSO.  (DE 18 7-9 citing Compl. ¶ ¶ 54-56.)  Under Florida law, however, equitable tolling is unavailable outside of the administrative context. HCA Health Servs. of Florida, Inc. v. Hillman, 906 So. 2d 1094, 1096 (Fla. Dist. Ct. App. 2005).  In fact, Florida Statute 95.051(2) provides for an exclusive list of circumstances where the statute of limitations is tolled and expressly precludes use of any tolling provision not listed.  Lopez v. Geico Cas. Co., — F. Supp. 2d —, 2013 WL 4854492, at * 3 (S.D. Fla. Sept. 5, 2013) (citing Watson v. Paul Revere Life Ins. Co., No. 11–21492–CIV–KMM, 2011 WL 5025120, at *4 (S.D. Fla. Oct.21, 2011) (under Florida law, equitable tolling of a statute of limitations is unavailable outside the administrative context); Socas v. Northwestern Mut. Life Ins. Co., 829 F. Supp. 2d 1262 (S.D .Fla.2011) ("[I]n Florida, the application of equitable tolling is limited to administrative proceedings."); Pierson v. Orlando Reg'l Healthcare Sys., Inc., No. 6:08–cv–466–Orl–28GJK, 2010 WL 1408391, at *15 (M.D. Fla.2010) ( "Equitable tolling ... is not available in civil actions in Florida.")).  Plaintiff's claim that he needed to flee the country is not among the circumstances for which tolling is recognized in Florida Statute 95.051(2).  Thus, the claim for civil conspiracy is barred by the statute of limitations and must be dismissed.

B.  Section 1983

In a section 1983 case brought in the forum state of Florida, the statute of limitations is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). The question of when the limitations period begins to run is one of federal law. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). The Eleventh Circuit recently discussed equitable tolling:

> Equitable tolling is appropriate when a plaintiff untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Similarly, Florida law allows for equitable tolling of a statute of limitations when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.  Due diligence, though necessary, is not sufficient to prevail on the issue of equitable tolling. The plaintiff bears the burden of showing that equitable tolling is warranted.

Moore v. Chamberlain, — Fed. App'x —, 2014 WL 1303463, at * 1 (11th Cir. Apr. 2, 2014) (internal quotation marks and citations omitted).

The Court finds, as a matter of law, that equitable tolling does not apply.  Although Plaintiff states he was forced to flee Florida and then the country, nothing prevented Plaintiff from filing suit, even though he no longer resided in Florida.  Indeed, Plaintiff must show "extraordinary circumstances" "beyond [his] control." Id.  The allegations in this case do not rise to the level of denial of access to the courts or lulling Plaintiff into inaction which could justify the application of equitable tolling.  See, e.g., Ryland v. Shapiro, 708 F.2d 967, 975 (5th Cir. 1983) (the case could proceed based on alleged denial of access to the court when the plaintiff parents did not know that a crime had been committed because the police had concealed their daughter's murder as suicide); Bell v. Milwaukee, 746 F.2d 1205, 1230-31 (7th Cir. 1984), overruled on other grounds, Russ v. Watts, 414 F.3d 783 (7th Cir. 2005) (equitable tolling applied where misrepresentations were made by police to the family of a victim of wrongful

6

death that the shooting of the victim was in self-defense).

Moreover, the Complaint alleges that on or about May 6, 2009, Plaintiff filed a voluntary petition with the bankruptcy court in New York (Compl. ¶ 63) and that Plaintiff returned to Florida on April 3, 2009, as evidenced by an Order of First Appearance entered by Florida state court (Order of First Appearance, DE 1-1.)  Thus, at the very least, Plaintiff could have filed the instant action by either of those dates or, presuming he had just returned to the country, four years after either of those dates.  Instead, Plaintiff waited until November 8, 2013.  Hence, the claims brought pursuant to section 1983 are barred by the statute of limitations.

Accordingly, the Court finds that the Complaint must be dismissed because it is barred by the statute of limitations.  As such, permitting Plaintiff an opportunity to amend would be futile.[2]

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Palm Beach County Sheriff's Office, Mercier and Cinque's Motion to Dismiss (DE 6) is **GRANTED.**

2) Defendant Jonathan S. Root, Esq.'s Motion to Dismiss (DE 8) is **GRANTED.**

3) The Amended Motion to Dismiss by Defendant The Honorable Martin H. Colin (DE 10) is **GRANTED.**

4) Defendant Henriette Koelemij's Joining in Co-Defendant's Motion to Dismiss (DE 15) is **GRANTED.**

---

[2] The Court notes that there are additional Defendants named in the Complaint who do not appear to have been served.  Because any claims against these Defendants would be barred by the statute of limitations, none of the allegations of the Complaint state a claim upon which relief can be granted against those remaining Defendants.

5)  Defendant The Honorable Martin H. Colin's Motion to Supplement (DE 22) is **DENIED AS MOOT**.

6)  The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge